IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JORGE MALDONADO MEDINA**,
    Plaintiff,

v.

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION**,
    Defendant.

Civil No. 18-1091 (BJM)

## OPINION AND ORDER

The Acting Commissioner of the Social Security Administration ("the Commissioner") moves to dismiss Jorge Maldonado Medina's ("Maldonado") complaint for judicial review. Dkt. 12. An Administrative Law Judge ("ALJ") issued a decision finding that Maldonado was not disabled on March 11, 2016. Dkt. 12-3. Maldonado petitioned to the Appeals Council, which declined to review his claim on August 9, 2017. *See* Dkt. 12-2. On February 15, 2018, Maldonado filed this complaint. Dkt. 3 ("Compl."). The Commissioner contends that Maldonado's complaint is time-barred. Dkt. 12. Maldonado opposes the motion. Dkt. 14. The case is before me on consent of the parties. Dkt. 4.

For the following reasons, the Commissioner's motion is **GRANTED.**

## APPLICABLE STANDARDS

The First Circuit has determined that a Rule 12(b)(6) motion is the appropriate standard where the Commissioner wishes to dismiss a case for failing to timely file. *See, e.g.*, *Grant v. Berryhill*, 695 Fed. Appx. 592, 593 (1st Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). A court must "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." *Miss. Pub. Emps.' Ret. Sys. v. Bos. Sci. Corp.*, 523 F.3d 75, 85 (1st Cir. 2008). While a complaint need not contain detailed factual allegations to survive dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). The court also need not accept as true legal conclusions or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal alteration omitted); *Maldonado v. Fontanes*, 568 F.3d 263, 267 (1st Cir. 2009). The plaintiff must show more than the "sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

On a Rule 12(b)(6) motion, the court "can consider (a) implications from documents attached to or fairly incorporated into the [counter]complaint, (b) facts susceptible to judicial notice, and (c) concessions in [the complainant's] response to the motion to dismiss." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (quoting *Arturet-Velez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)) (internal quotations omitted); *Watterson v. Paige*, 987 F.2d 1, 3 (1st Cir. 1993).

**BACKGROUND**

Maldonado alleged he became disabled in April 2011. Compl. ¶ 3. Maldonado filed an application for social security benefits on October 2, 2012. *Id.* at ¶ 3. He was denied and requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in March 2016. *Id.* at ¶ 4. The ALJ determined that he did not qualify for benefits, and the Appeals Council subsequently denied Maldonado's request to appeal. *Id.* A notice of the Appeal Council's decision was sent to Maldonado on August 9, 2017. *Id.* Maldonado received the notice and observed that his representative, Oscar Crespo, was copied on it. Crespo had responded to previous notifications and communications with the Commissioner, so Maldonado believed he would do the same here. *Id.* The record is silent as to what, if any, communication occurred between Maldonado and Crespo during the statutory period, but Maldonado argues intervening forces prevented him from filing his claim on time.

On September 20, 2017 Hurricane María hit Puerto Rico. Maldonado lives in Villalba—an isolated, rural part of the island—which left him particularly exposed to the storm. Dkt. 14 at 6. Hurricane damage blocked the only road from his home for a period of almost two months, from September to November 2017. *Id*. Maldonado alleges that all communications and media were inaccessible for longer—until about February 2018. *Id.* Further, Maldonado suffered a car accident on December 18, 2017 requiring intermittent medical assistance until February 9, 2018. *Id.* at 7. During a pre-admission visit to a hospital on February 7, 2018, Maldonado visited Crespo's office to inquire about his case. *Id*. Crespo advised Maldonado that he needed to procure counsel and file a case in federal court. *Id.* at 7-8.

On February 15, 2018 Maldonado filed this civil action. Compl. The Commissioner moved to dismiss the claim on November 16, 2018 for filing outside the statute of limitations. Dkt. 12. Maldonado acknowledges he was late in filing but requests an equitable toll to pursue his claim. Dkt. 14.

## DISCUSSION

As a preliminary matter, both parties submitted new evidence to support their statute of limitations claims. While no authority expressly authorizes the submission of their evidence in an equitable tolling context, there is persuasive authority concerning statute of limitations claims in the regulations. *See* 20 C.F.R. § 422.10(c) (to rebut a presumption for when the statute of limitations begins to run, a claimant needs to demonstrate a "reasonable showing to the contrary.") The First Circuit allows new evidence related to statute of limitations claims in these cases. *Cf. McLaughlin v. Astrue*, 443 Fed. Appx. 571, 574 (1st Cir. 2011) (allowing the submission of attorney's copy of a notice, but finding this was insufficient to rebut the presumption). I will consider the new evidence submitted by both sides to support their statute of limitations claims here.

Congress intended social security claims to be adjudicated and reviewed in a manner "unusually protective" of claimants. *Heckler v. Day*, 467 U.S. 104, 106 (1984). After notice of a final decision by the Commissioner, an individual has sixty days to file a civil action. 42 U.S.C. §

405(g). Notice is presumed to be five days after the decision is made, but the individual may rebut that assumption with a showing to the contrary. 20 CFR § 422.210(c). Maldonado does not address when he received notice of the August 9, 2017 denial, so the court presumes that he received notice on August 14, and the statute of limitations began to run. Dkt. 14 at 1 (agreeing with procedural history of the case in Dkt. 12 at 2–3).

The Commissioner contends that Maldonado's action is time-barred. Dkt. 12. Maldonado filed his suit on February 15, 2018—125 days after the October 13 deadline to file. Dkt. 12 at 5. The parties agree that Maldonado did not timely file. *See* Dkt. 14 at 3. Maldonado argues that equitable tolling should apply. Before speaking to Maldonado's equitable claims, there are a two court orders during the statutory period that may affect Maldonado's filing deadline.

The first court order was issued in response to Hurricane Irma. Notice from the Clerk No. 17-09, *Extension of Terms Due to Passage of Hurricane Irma*, District of Puerto Rico (Sept. 8, 2017). However, this order only dealt with claims due on "September 6th through, and including September 8th, 2017." *Id.* Maldonado's claim was due on October 13th, 2017, so this first order does not apply. The second order was issued in light of Hurricane María. It declared that the court was closed on September 18, 2017 and was inaccessible until October 3, 2017. Notice from the Clerk Misc. No. 17-509 (ADC), *In Re: Emergency Measures after the Passage of Hurricane Maria*, District of Puerto Rico (Oct. 4, 2017) at 2. Further, the notice ordered that "due to the aftermath of Hurricane Maria that caused total devastation of power and communication infrastructure for the Court and members of the Bar, all deadlines and delays within this Court's authority, including . . . cases pending to be filed before this Court . . . are suspended until November 6, 2017." *Id.* at 3 ¶ 3. Therefore Maldonado's claim was tolled from September 18 until November 6, 2017. Maldonado lost thirty-four days of his allotted sixty days from August 14 until September 17, 2017. Starting November 6, 2017, Maldonado had twenty-six days to file his claim. He argues that his claim should be equitably tolled due to subsequent hurricane damage.

Equitable tolling is reserved for exceptional cases, so the proponent bears the burden of showing that the doctrine applies. *Borgos-Taboas v. Hima San Pablo Hosp. Bayamon*, 832 F. Supp.

2d 121, 125 (D.P.R. 2011). Maldonado cites *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), using the excusable neglect standard in a bankruptcy action to justify equitable tolling. *Pioneer* was decided under the Federal Bankruptcy Rules, and excusable neglect, while offering persuasive evidence, is not controlling. *Id.* at 388.

To be entitled to equitable tolling, a litigant must establish that they have (1) been pursuing their rights diligently and (2) that some extraordinary circumstances stood in their way which prevented timely filing. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is applied on a case-by-case basis, avoiding mechanical rules and favoring flexibility. *Ortega Candeleria v. Orthobiologics LLC*, 661 F.3d 675, 680 (1st Cir. 2011). In interpreting this rule, a court generally considers five factors to guide its decision to grant an equitable toll: "'(1) a lack of actual notice of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party's opponent; and (5) the claimant's reasonableness in remaining ignorant of the time limit.'" *Borgos-Taboas*, 832 F. Supp. 2d at 125 (citing *Jobe v. I.N.S.*, 238 F.3d 96, 100 (1st Cir. 2001)). Prejudice to the Commissioner will be addressed first.

Maldonado claims that there will be no danger of prejudice to the Commissioner because the controversy will be decided on a record already in the Commissioner's possession. Dkt. 14 at 5. Prejudice is not defined so narrowly. The statute of limitations exists to promote efficiency and quick resolution of appeals "due to the vast number of civil actions filed." *De Oliveira v. Astrue*, Civil No. 10-11905, 2011 WL 7099971, at *14 (D. Mass. Aug. 1, 2011). Equitably tolling a complaint filed so long after the statute of limitations expired would undermine this congressional purpose and possibly increase the number of challenges to the Commissioner's decisions. *Id.*

In order to qualify for equitable tolling, a movant can demonstrate a lack of actual or constructive notice to support his claim. Maldonado concedes he received actual notice of the deadline, so we need not discuss constructive notice. Maldonado argues, however, that the actual notice he received was insufficient because the notice was printed in English rather than his native language of Spanish. Since it was not in his native language, Maldonado implies that he could not

comprehend the deadline. Dkt.14 at 7. A representative from the Commissioner certified that the notice had been sent, and the notice attached included a Spanish translation. *See* Dkt. 12-1. Maldonado argues that the representative did not certify that the notice was in Spanish. However, the notice is self-authenticating because it contains the seal of a federal government agency on its letterhead. F.R.E. 902(4)(B). The burden is on the petitioner to prove his claim here, and Maldonado does not contend that he did not receive the Spanish translation, just that the Commissioner did not certify that they sent him a Spanish copy. The evidence provided by the Commissioner tends to show that he did receive it in his native language.

Individuals who exercise reasonable diligence in pursuit of their rights may still qualify for equitable tolling, provided they were prevented from filing suit by extraordinary circumstances. *Heimeshoff v. Hartford Life & Accident Ins.*, 571 U.S. 99, 114 (2013). Reasonable diligence is shown when a claimant has actively pursued a claim during the statutory period. *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990). Maldonado contends that, in light of his extraordinary circumstances, he pursued his claim with reasonable diligence.

Maldonado offers a unique set of circumstances outside his control that he alleges left him unable to diligently pursue his claim from November 6, 2017 until February 9, 2018. To start, Maldonado is from Villalba—an isolated, rural part of Puerto Rico. Dkt. 14 at 6. A hurricane is an "extraordinary circumstance" outside the petitioner's control. *Jefferson v. Haza Foods*, Civil No. 17-00359, 2018 WL 5268756, at *6 (S.D. Tex. Oct. 5, 2018) (referring to Hurricane Harvey). Hurricane damage blocked the only road from Maldonado's home for a period of almost two months, which Maldonado alleges left him without communications until about February 2018. Dkt. 14 at 6. Some federal courts have denied equitable tolling claims by hurricane victims who could have made "a single phone call." *McCreary v. Nicholson*, 20 Vet. App. 86, 92 (Vet. App. 2006) (referring to Hurricane Ivan). Here, Maldonado alleges he could not have made a single phone call as he was without cell phone service until about February 2018. Dkt. 14 at 6. However, the only evidence he provides to make this claim is his motion responding to the Commissioner's motion to dismiss. *See* Dkt. 14 at 6 ("All communications and media, as well as cellphone and

Internet signal was reestablished near February of 2018."). Without more evidence, I cannot credit the testimony that he was unable to communicate until February 2018. *Cf. McLaughlin* 443 Fed. Appx. at 574 (acknowledging that a plaintiff's affidavit alone is not sufficient to rebut evidence for a statute of limitations presumption). Maldonado offers another circumstance he believes should make him eligible for an equitable toll: a car accident on December 18, 2018. *See* Dkt. 14 at 7. However, the court does not reach this argument because Maldonado's claim would have expired beforehand.

Maldonado could have pursued his claim after November 6 but before the car accident on December 18, 2017. This period spans a total of forty-two days, more than the twenty-six days Maldonado had left to file his claim. While it is true that the diligence prong requires a showing of reasonable, not maximum, feasible diligence, this period does not show that Maldonado acted diligently. Maldonado leaves open the question of what, if any, effort he made during this forty-two day period. The Commissioner may extend the time in which an individual may file a civil action "upon a showing of good cause." 20 CFR § 422.210(c); *see also Bowen v. City of New York*, 476 U.S. 467, 480 (1986). There is no such extension or showing of good cause on the record. Dkt. 12 at 3. And when a claimant fails to petition the Commissioner to for more time the petitioner it is a clear showing of a lack of diligence and "bars the application of equitable tolling." *McLaughlin*, 443 Fed. Appx. at 574.

Equitable tolling is reserved for exceptional circumstances when the claimant has satisfied his burden of exercising reasonable due diligence in pursuing his claim. *Muldoon v. Astrue*, 590 F. Supp. 2d 188, 194–95 (D. Mass. 2008). Maldonado's circumstances are distressing, but the law is clear: without a showing of reasonable diligence, Maldonado is not eligible for equitable tolling. Between the time the court was operational and the car accident, Maldonado had forty-two days to reasonably pursue his claim. He does not submit sufficient evidence to support why he was unable to file his claim. Further, he did not petition the Commissioner for more time, which the First Circuit has deemed fatal to the extension of an equitable toll. 443 Fed. Appx. at 574.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is **GRANTED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of June, 2019.

                                            *S/ Bruce J. McGiverin*
                                            BRUCE J. MCGIVERIN
                                            United States Magistrate Judge